William J. ROCHELLE, Jr., Trustee,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 74–1639.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1976.

Linda N. Coffee, Philip I. Palmer, Jr., Dallas, Tex., for plaintiff-appellant.

Frank D. McCown, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Ft. Worth, Tex., Karl Schmeidler, Atty., Tax Div., Lawrence R. Jones, Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Chief, Appellate Sec., Tax Div., Dept. of Justice, Washington, D. C., Charles G. Barnett, Michael D. Cropper, Tax Div., Dept. of Justice, Dallas, Tex., Joseph M. McManus, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

ON PETITION FOR REHEARING

(Opinion Oct. 24, 1975, 5 Cir. 1975, 521 F.2d 844.)

Before RIVES, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

The trustee points out that it has not received a refund of penalties and that no judgment has been entered for such a refund although, as we pointed out in our opinion, sl. op. p. 298, the United States concedes that penalties were not allowable in bankruptcy and states that it so conceded to the trial court. The trustee requests that we enter judgment for the full amount of the penalties. The United States, while reiterating that a refund of penalties is in order, asserts that judgment should be for less than the full amount. Since establishment of the correct amount to be refunded involves both questions of law and the effect of concessions made by the government in the trial court and not in the record before us, as well as concessions made in this court, the matter is for the District Court in the first instance.

The petition of the trustee for rehearing is granted and the mandate is amended to provide that the judgment of the District Court is affirmed in part and reversed in part and the cause is remanded for the entry of a judgment in favor of the trustee in such amount as the District Court finds appropriate.