**In re DUTY FREE SHOPS CORPORATION, Debtor.**

**Bankruptcy No. 80–00669–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

Jan. 25, 1982.

Paul G. Hyman, Miami, Fla., for trustee.

William Roemelmeyer, trustee.

Barbara L. Phillips, Miami, Fla., for bidder.

## ORDER ON TRUSTEE'S APPLICATION TO COMPEL PAYMENT

THOMAS C. BRITTON, Bankruptcy Judge.

On December 22, the trustee conducted an auction sale of jeans. The high bid was $8,000. The purchaser has stopped payment on his checks and the trustee now seeks a money judgment against the bidder. (C.P. No. 102). The bidder has responded (C.P. No. 104) and the parties were heard on January 18. By making no objection to the trustee's failure to comply with B.R. 701(1), respondent has waived that purely procedural objection.

It is the bidder's position that the sale was conducted upon the premise that the trustee was selling 4,200 jeans and that the

actual quantity sold was substantially less, therefore, the bidder seeks a pro rata adjustment of the price or recission. The trustee argues that the property was sold "as is" with an express disavowal of any quantity representation.

The sale was conducted on the premises of a broker in the Miami free trade zone. The goods consisted of 62 sealed cartons labeled as containing 60 jeans each. Immediately before the sale, several cartons were opened at random and the goods were examined by the bidders. The trustee did not restrict the bidders' inspection of the goods, but the cartons were so arranged in the limited available space that it was not readily apparent to any of the parties that the apparent quantity was 3,720 jeans, rather than 4,200, the quantity stated on the custom's documents. If an actual count had been made or if it were made now, the goods would lose value for reshipment out of the country, because they would have to be repackaged. Because of changing styles, the goods have less value for domestic sale.

The trustee's advertisement and his bill of sale each represent, without qualification, the sale of "4,200 pairs of pants". That description created an express warranty of quantity. U.C.C. 2–313(1), § 672.2–313, Florida Statutes. *Carter Hawley Hale Stores, Inc. v. Conley*, Fla.App.1979, 372 So.2d 965, 968. At the sale, the trustee's attorney announced:

> "The trustee is not making any representation that that is exactly how many there are. The pants are being sold as is as you see them right there, the pants that you see in those cartons."

These statements did not constitute an effective disclaimer of the warranty of quantity under the circumstances of this sale. *Knipp v. Weinbaum*, Fla.App.1977, 351 So.2d 1081, 1084, 1085. I find that the bidder reasonably relied on the warranty and that only 3,720 pairs were sold and, therefore, the warranty was breached.

The appropriate remedy in this instance is to adjust the price pro rata for the quantity shortage to $7,086. The respondent may take possession of the goods upon his payment of that sum to the trustee. U.C.C. 2–717; § 672.2–717, Florida Statutes.

If he has not done so within five days after the entry of this order, the trustee may resell the goods for the best available price. If the trustee should realize less than the adjusted price, the trustee may by appropriate proceedings seek a money judgment for his damages.