OPINION OF THE COURT
William D. Friedmann, J.
The trial of this action for breach of express and implied warranties under sections 2-313, 2-314 and 2-315 of the Uniform Commercial Code arose out of the sale of a used hydraulic pressing machine for which plaintiff paid defendant $8,000. After trial without a jury held on April 1, 1982, the court reserved decision for posttrial memoranda of law to be submitted by both parties. Following are the court’s findings of fact and conclusions of law.
FACTUAL BACKGROUND
Pursuant to a written sales order dated February 19, 1980, plaintiff Kates purchased from defendant one used Michelagnoli hydraulic pressing machine for use in its business of manufacturing headwear. Defendant, also engaged in the business of manufacturing novelty headwear, represented through its principal and codefendant herein, Ben Molin, that said pressing machine was “in perfect condition and one year old.” After delivery and an inspec *231 tion by plaintiff revealing certain mechanical dysfunction, the machine was nevertheless accepted and paid for by plaintiff at the purchase price of $8,000.
The evidence at trial established that the age of the pressing machine was not as represented by defendant but rather was at least five years and that a new machine would have cost $12,000.
CONCLUSIONS OF LAW
In relevant part, section 2-313 of the Uniform Commercial Code reads:
“(1) Express warranties by the seller are created as follows:
“(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
“(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.” It is clear from the above section that defendant’s factual affirmation that the pressing machine was “one year old” and its description of the goods as being “in perfect condition” gave rise to express warranties under the code since defendant’s language formed a basic part of the understanding between the parties. In view of this court’s finding that the machine was at least five years old, the seller defendant’s performance did not comport with its representations of fact and description. Further, the express warranties created by this defendant were in no way limited by the doctrine of “puffing” as set out in subdivision (2) of section 2-313 of the Uniform Commercial Code. That doctrine excludes from the category of express warranties those affirmations and statements which amount to seller exaggeration. In the case at bar, it cannot be said that defendant’s statements were merely expressions of “the value of the goods * * * or the seller’s opinion or commendation” of those goods.
Because the defendant was not “a merchant with respect to goods of that kind” as contemplated in section 2-314 of the Uniform Commercial Code, this court cannot construe *232 an implied warranty of merchantability (see, also, Uniform Commercial Code, § 2-104). And although the fitness warranty of section 2-315 of the Uniform Commercial Code does not require that the seller be a merchant, this court concludes that that warranty is inapplicable to the case at bar in that there was little or no evidence that plaintiff buyer was “relying on the seller’s skill or judgment to select or furnish suitable goods” (Uniform Commercial Code, § 2-315).
In conclusion and based upon full consideration of all the evidence received at the trial of this action, the court holds: (1) plaintiff reasonably relied upon defendant seller’s representations as part of the basis of the bargain; (2) there were no applicable written disclaimers which were necessarily inconsistent with those representations; (3) plaintiff gave the seller adequate notice of the breach within a reasonable time after discovery thereof; and (4) seller’s representations were express warranties under section 2-313 of the Uniform Commercial Code, at least to the extent that the pressing machine was “one year old”.
Under the circumstances and on the basis of the law and facts, plaintiff is entitled to judgment in the sum of $6,611.95.