OPINION OF THE COURT
 

 SLOVITER, Circuit Judge.
 

 I.
 

 This is an appeal from an order by the United States District Court for District of New Jersey directing the defendant-appellant to pay the remainder of the amount due under a settlement agreement with the plaintiff-appellee, and rejecting defendant’s claim that it was entitled to set off a claim it had asserted in bankruptcy against the amount due.
 

 II.
 

 In June, 1979, the appellant, Central Transport, Inc., a common carrier, contracted to buy certain operating rights granted by the Interstate Commerce Commission (ICC) and owned by appellee Cooper-Jarrett, Inc. for $150,000. Thereafter, Congress deregulated the trucking industry, enabling any common carrier to obtain operating authority directly from the ICC, which dramatically reduced the value of existing operating rights.
 

 When Central refused to close the purchase, Cooper-Jarrett sued it in the United States District Court for the District of New Jersey. In December, 1981, while the contract action was pending, Cooper-Jarrett filed a Petition for Reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101
 
 et seq.
 
 (1982). The New Jersey Bankruptcy Court, by order dated February 17, 1982, lifted the automatic stay provided under the Code and permitted Cooper-Jarrett’s contract action to proceed. In the bankruptcy proceedings, Central filed a claim in the amount of $19,165.75 for pre-petition unpaid freight charges allegedly owed by Cooper-Jarrett to Central. Central did not, however, raise this claim as a counterclaim in Cooper-Jarrett’s district court action.
 

 In December, 1982, after lengthy negotiations, the parties settled Cooper-Jarrett’s contract claim for an agreed upon payment by Central to Cooper-Jarrett of $70,000 in return for dismissal of the lawsuit. The district court action was accordingly dismissed by Order filed December 20, 1982.
 

 Central’s claim in bankruptcy was never mentioned during the settlement negotiations. After the district court action had been dismissed, Central asserted the right,
 
 *95
 
 pursuant to 11 U.S.C. § 553, to credit the $19,000 freight charge debt allegedly owed by Cooper-Jarrett to Central against the $70,000 owed by Central to Cooper-Jarrett under the settlement agreement. Central filed in the bankruptcy court a Complaint to Permit Entry of Settlement Less Setoff. Cooper-Jarrett moved the district court to enforce the settlement agreement or, in the alternative, to vacate the dismissal and to reopen the case. The district court held that the settlement agreement was a post-petition obligation and thus could not be the subject of a setoff under the Bankruptcy Code. It granted Cooper-Jarrett’s motion to enforce the settlement, denied Central’s setoff claim and directed Central to pay the full balance of the settlement. This order is the subject of the appeal.
 

 III.
 

 A.
 

 Central contends that the district court had no jurisdiction to determine its setoff claim because its Complaint to Permit Entry of Settlement Less Setoff, filed with the bankruptcy court in February, 1983, was a civil proceeding arising under Title 11 and thus was subject to automatic initial referral to the bankruptcy court under the applicable court rule. General Rule 47 of the District Court for the District of New Jersey was adopted pursuant to the directive of the Third Circuit Judicial Council. It tracks the Resolution of the Judicial Conference of the United States of September 23, 1982 which was proposed as an interim rule following the decision in
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), to insure the continued operation of the bankruptcy system pending Congressional action to cure the constitutional infirmity of 28 U.S.C. § 1471. Rule 47 provides in relevant part:
 

 B.
 
 Referral to Bankruptcy Judges
 

 (1)All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.
 

 (2)
 
 The reference to a bankruptcy judge may be withdrawn by the district court on its own motion or on timely motion by a party.
 
 A motion for withdrawal of reference shall not stay any bankruptcy matter pending before a bankruptcy judge unless a specific stay is issued by the district court. The district court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the court’s usual system for assigning civil cases.
 

 (3) Referred matters may be transferred in whole or in part between bankruptcy judges within the district without approval of a district judge.
 

 (emphasis added).
 

 Central concedes that under Rule 47 B(2) a case referred to a bankruptcy court can be withdrawn on the district court’s own motion or on timely motion by a party. Central argues, however, that the district court did not explicitly withdraw the setoff issue from the bankruptcy court and thus usurped the bankruptcy court’s jurisdiction. Assuming
 
 arguendo
 
 that Central’s bankruptcy court filing was a “civil proceeding” within the meaning of Rule 47 and that referral of bankruptcy proceedings is automatic, Central’s contention that a written motion is required for the withdrawal of reference provided for by Rule 47 B(2) is to promote form over substance. Such an argument also ignores the fact that Rule 47, in order to avoid the constitutional defects of § 1471(c), grants the district court primary jurisdiction over all bankruptcy proceedings. As the Sixth Circuit noted, under the interim rule “the district courts retain primary jurisdiction over all bankruptcy proceedings. The bankruptcy courts have only derivative jurisdiction.”
 
 White Motor
 
 
 *96
 

 Corp. v. Citibank, N.A.,
 
 704 F.2d 254, 263 (6th Cir.1983) (upholding the constitutionality of an identical interim rule). Thus, any action whereby a district court asserts its primary jurisdiction over a proceeding in bankruptcy should be construed as a
 
 sua sponte
 
 withdrawal of reference within the meaning of Rule 47.
 

 It is evident in this case that the district court’s exercise of jurisdiction was a deliberate informed action which necessarily dislodged the bankruptcy court’s jurisdiction. Furthermore, when parties stipulate to the settlement of an action they thereby “consent to the exercise of the court’s power to compel compliance.”
 
 Meetings & Expositions, Inc. v. Tandy Corp.,
 
 490 F.2d 714, 717 (2d Cir.1974). Because Central’s setoff claim was intertwined with enforcement of the settlement agreement, it wa.s particularly suited for resolution by the district court. The fact that the bankruptcy court may also have been an appropriate forum in which to resolve the setoff issue does not, and indeed cannot, deprive the district court of jurisdiction.
 

 B.
 

 Central’s other claim is that the district court erred in denying its setoff claim. Section 553 of the Bankruptcy Code, 11 U.S.C. § 553(a) provides in relevant part:
 

 Except as otherwise provided in this section and in sections 362 [Automatic Stay] and 363 [Use, sale, or lease of property] of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...
 

 It is clear under this section that a creditor may not set off its pre-petition claims against a debt owed to the debtor which came into existence after the filing of the bankruptcy petition.
 
 See Dery v. General Motors Corp. (In re Fordson Engineering Corp.),
 
 25 B.R. 506, 511 (Bkrtcy.E. D.Mich.1982);
 
 Virginia Block Co. v. Virgin-ia Mutual Insurance Agency, Inc.,
 
 16 B.R. 771, 775 (Bkrtcy.W.D.Va.1982). Since it is undisputed that Central’s claim for unpaid freight charges arose pre-petition, the sole question involved on appeal is whether Central’s obligation under the settlement agreement, which came into existence after the initiation of bankruptcy proceedings, relates back to the pre-petition transactions which gave rise to Cooper-Jarrett’s contract action.
 

 The district court, finding that the post-petition debt owed by Central to Cooper-Jarrett under the settlement agreement did not relate back, stated that:
 

 “An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing.”
 
 Green v. Lewis & Co.,
 
 436 F.2d 389, 390 (3d Cir.1970). That is, the settlement agreement is itself a contract, separate and independent from the dispute giving rise to the lawsuit which is settled. Here, defendant-creditor [Central] offered $70,000 to plaintiff-debtor [Cooper-Jarrett] in consideration of [Cooper-Jarrett’s] dropping the lawsuit involving the contract for sale of ICC operating certificates. This offer was accepted, and the settlement contract entered into, in December, 1982. Thus, this contractual obligation of [Central] to pay [Cooper-Jarrett] $70,000, did not come into existence until after the filing of the petition by [Cooper-Jarrett].
 

 Judge Lacey’s reasoning is in accord with general principles governing settlement agreements, since a settlement “extinguishes those legal rights [which the party] sought to enforce through litigation in exchange for those rights secured by the contract.”
 
 Village of Kaktovik v. Watt,
 
 689 F.2d 222, 230 (D.C.Cir.1982).
 
 See also Protective Closures Co. v. Clover Industries, Inc.,
 
 394 F.2d 809, 812 (2d Cir.1968). Thus, Central’s pre-petition contract obligation of $150,000 was supplanted by its post-petition settlement obligation. Since section 553 explicitly limits the claims against which a creditor can claim an offset to a “debt
 
 *97
 
 owing by such creditor to the debtor that arose before the commencement” of the Title 11 petition, and the debt which Central owed Cooper-Jarrett under the settlement agreement arose thereafter, the district court correctly concluded that there was no right of setoff under section 553. Central’s claim for unpaid freight against Cooper-Jarrett must be processed in .the reorganization proceeding.
 

 IV.
 

 For the foregoing reasons we will affirm the judgment of the district court.