In re W.L. JACKSON MANUFACTURING COMPANY, Debtor.

C. Kenneth STILL, Trustee, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 1–81–01952.
Adv. No. 1–84–0046.

United States Bankruptcy Court,
E.D. Tennessee.

June 7, 1985.

Betsy E. Burke, Gregory L. Nelson, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The bankruptcy trustee for W.L. Jackson Company (Jackson) brought this action against the Internal Revenue Service (IRS) to recover a tax refund. In early October, 1981, Jackson filed a petition in bankruptcy for reorganization under chapter 11 of the Bankruptcy Code. The case continued as a reorganization until March, 1983, when it was converted to a liquidation case under chapter 7 of the Bankruptcy Code. The refund is for overpayment of both prepetition and postpetition taxes, by which the court means taxes for periods before filing of the chapter 11 petition and for the period from the time of filing up to conversion of the case to chapter 7.

The IRS admits the overpayments but contends that it can set off the refund of prepetition taxes against Jackson's larger debt for unpaid prepetition taxes and can set off the refund of postpetition taxes against Jackson's larger debt for unpaid postpetition taxes.

Setoff of mutual prepetition debts between a debtor in bankruptcy and a creditor is allowed by Bankruptcy Code § 553. 11 U.S.C.A. § 553. The trustee argues, however, that this statute does not apply because the refund for prepetition taxes is actually a postpetition debt of the IRS to Jackson. The rule is well settled that a creditor, the IRS, cannot set off a prepetition claim against a postpetition debt to the debtor or the bankruptcy estate. See, e.g., *Cooper-Jarrett, Inc. v. Central Transport, Inc.*, 726 F.2d 93, 11 Bankr.Ct.Dec. 919 (3d Cir.1984); *Prudential Ins. Co. v. Nelson*, 101 F.2d 441, 39 Am.Bankr.Rep. (N.S.) 173 (6th Cir.1939) cert. den. 308 U.S. 583, 60 S.Ct. 106, 84 L.Ed. 489 (1939).

Obviously the IRS could not owe Jackson a refund until Jackson actually overpaid the taxes. The overpayments on prepeti-

Gary R. Patrick, Patrick, Beard & Samples, Chattanooga, Tenn., for plaintiff.

tion employment and unemployment taxes for 1980 were not actually made until postpetition. The result is that the IRS's refund debt for the overpayment of these taxes, totalling $4,144.20, is a postpetition debt that cannot be set off against the IRS's claim for prepetition taxes.

■ Jackson overpaid prepetition highway use tax for 1978 in the amount of $273.09, which was in fact paid prepetition. Jackson overpaid prepetition income tax for 1974 in the amount of $55,770. This overpayment resulted from Jackson's carryback to earlier years of prepetition net operating losses for 1980. Both of these taxes were actually overpaid prepetition, but the trustee argues that the IRS did not owe Jackson a refund until its postpetition filing of a claim for refund and an amended tax return.

The court does not agree with the trustee's argument.

In *Segal v. Rochelle*, the Supreme Court in effect held that a tax refund based on prepetition overpayments was a prepetition debt of the IRS to the taxpayer, even though a refund claim was not filed until postpetition. 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). This case was decided under the Bankruptcy Act of 1898 but the result was intended to apply under the present statutes, the bankruptcy Code. S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977); U.S.Code Cong. & Admin. News 1978, p. 5787; both reprinted, Collier on Bankruptcy, App. 2 & 3 (15th ed. 1984).

The IRS correctly points out that under the trustee's theory a taxpayer contemplating bankruptcy could avoid setoff of a prepetition tax debt under Bankruptcy Code § 553 simply by not filing a claim for refund or a tax return until after it filed its bankruptcy petition. This would not make sense as a general rule.

The fact that a return or claim for refund must be filed before the limitation period expires does not answer this point.

The trustee's argument is, to say the least, at odds with the decided cases on whether a particular debt is owed by or to the debtor before the filing of its bankruptcy petition. See *United States v. Norton*, 717 F.2d 767, 10 Bankr.Ct.Dec. 1337 (3d Cir.1983); *Rochelle v. United States*, 371 F.Supp. 224 (N.D.Tex.1973) aff'd 521 F.2d 844 (5th Cir.1975), mod. & rem. 526 F.2d 405 (5th Cir.1976), cert. den. 426 U.S. 948, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976); *In re Morristown Lincoln-Mercury, Inc.*, 42 B.R. 413 (Bankr.E.D.Tenn.1984).

The court concludes that the IRS is entitled to set off against Jackson's prepetition tax debt of $60,417.34 the prepetition refund of $56,043.09 plus interest owed to the debtor on this amount.

■ The next question is whether the IRS can set off the post-petition refund against its claim for unpaid postpetition taxes. In another adversary proceeding, the court has decided that setoff of mutual postpetition debts incurred in a chapter 11 case generally is not allowed if the case is converted to a liquidation under chapter 7. The court's reasoning was as follows.

■ When a chapter 11 case converts to chapter 7 liquidation, § 348(d) of the Bankruptcy Code converts a creditor's claim that arose during the chapter 11 into a prepetition claim, unless it is a claim for administrative expenses. 11 U.S.C.A. § 348(d). The result is that a general unsecured claim from the chapter 11 phase of the case is a prepetition claim that cannot be set off against the creditor's post-petition debt that also arose during the chapter 11.

■ Moreover, § 348(d) implies that as a general rule the best treatment afforded to postpetition unsecured claims is administrative expense priority. This implies that even though an administrative expense claim is not treated as a prepetition claim, it also could not be set off against the creditor's postpetition debt because the setoff might prefer it over other administrative expense claims from the chapter 11. Bankruptcy Code §§ 348(a)–(c), 364(a)–(c), and 726(b) add to the implication that administrative expense claims of the chapter

11 cannot be set off against the creditors' postpetition debts to the bankruptcy estate.

Preferring one claim over another by allowing setoff is also a problem with setoff of mutual prepetition debts, but Congress specifically decided that such setoffs should be allowed despite the problem. 11 U.S.C.A. § 553; 4 Collier on Bankruptcy ¶ 553.02 (15th ed. 1985). Congress did not specifically allow setoff of mutual postpetition debts.

Cases under the Bankruptcy Act of 1898 and under the Bankruptcy Code have allowed setoff of mutual postpetition debts, but those cases did not involve a reorganization case that had been converted to liquidation or involved setoff of postpetition claims that equalled the value of property added to the bankruptcy estate.

■ The court concludes that the IRS cannot set off its claim for postpetition taxes against its debt for the refund of postpetition overpayments. The refund in the amount of $54,292.85 plus any interest due shall be paid to the trustee. This includes $285.96 that the IRS says is a nonrefundable penalty for failure to deposit withholding and FICA taxes for the fourth quarter of 1981. The trustee contended that the penalty was wrongly assessed because the taxes were overpaid. The IRS admits the overpayment. In these circumstances the IRS should have proved that the penalty was properly assessed.

The IRS may recover a substantial amount of this refund when its claim for the unpaid postpetition taxes is paid as an administrative expense of the chapter 11. The court disagrees with the trustee's argument that the postpetition taxes are not administrative expenses.

The trustee's argument is based on Bankruptcy Code § 503(b)(1)(B)'s reference to Bankruptcy Code § 507(a)(6). 11 U.S.C.A. §§ 503 & 507. Section 503(b)(1)(B) says generally that postpetition taxes are an administrative expense, except for taxes of the kinds specified in § 507(a)(6). Section 507(a)(6) generally gives sixth priority to certain *prepetition* taxes. Administra-

tive expenses, including postpetition taxes, have first priority under § 507(a)(1).

Section 503(b)(1)(B) need not have referred to § 507(a)(6) in order to eliminate prepetition, sixth priority taxes from administrative expense priority, since only postpetition taxes can be administrative expenses. This is the unstated basis of the trustee's argument. If § 507(a)(6) deals only with prepetition taxes, then the reference to it in § 503(b)(1)(B) can be given effect only if it means the same kinds of taxes but incurred postpetition rather than prepetition. This result, however, would eliminate the most common postpetition taxes from administrative expense priority. That would be a major change from prior law and one that Congress clearly did not intend. *United States v. Friendship College*, 737 F.2d 430 (4th Cir.1984).

■ The reference to § 507(a)(6) makes sense, however, without reading it as the trustee argues, because § 507(a)(6) is not limited to prepetition taxes. Section 507(a)(6)(D) includes certain postpetition taxes, specifically employment taxes on prepetition earnings of the debtor's employees that are entitled to third priority but are not actually paid until postpetition. *In re Braniff Airways, Inc.*, 42 B.R. 443, 450 (Bankr.N.D.Texas 1984). These postpetition taxes are treated as a prepetition debt and given sixth priority rather than administrative expense priority. Congress specifically rejected giving administrative expense priority to these postpetition taxes. S.Rep. No. 989, 95th Cong., 1st Sess. 71–72 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 191–92 (1977). Sections 503(b)(1)(B) and 507(a)(6) overlap with respect to the postpetition employment taxes given sixth priority by subparagraph (D) of § 507(a)(6). The reference to § 507(a)(6) in § 503(b)(1)(B) simply makes clear that these postpetition employment taxes have only sixth priority rather than first priority as postpetition administrative expenses.

■ The postpetition taxes in question fall under Bankruptcy Code § 503(b)(1)(B), (C) and do not include any employment taxes relegated to sixth priority by

§ 507(a)(6)(D). The postpetition taxes are entitled to priority as an administrative expense of the chapter 11. The parties' statements do not agree as to the amount of the postpetition taxes. In any event, the amount must be determined later from the claims filed by the IRS as a preliminary step to distribution to creditors.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.