In re FRANKLIN COMPUTER CORPORATION, Jointly Administered with Franklin Technologies, Inc., Debtor.

FRANKLIN COMPUTER
CORPORATION,
Plaintiff,

v.

WOLSTEN'S PROJECTOR HOUSE,
INC., Defendant.

Bankruptcy No. 84–02016G.
Adv. No. 85–0409G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 16, 1986.

See also 50 B.R. 620 and 55 B.R. 599.

Marvin Krasny, Steven D. Usdin, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtor/plaintiff, Franklin Computer Corp.

Robert G. Bauer, Abraham, Pressman & Bauer, Philadelphia, Pa., for defendant, Wolsten's Projector House, Inc.

Michael A. Bloom, Philadelphia, Pa., for Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The first of two issues presented in this opinion is whether prepetition debts may be setoff against postpetition obligations. The second point for decision is whether there is a breach of an implied warranty of merchantability when a computer is billed as compatible with the software of a competitor although, in fact, it cannot operate some of the competitor's software pro-grams. For the reasons outlined herein, we conclude on the first issue that the prepetition setoff is not allowable, and on the second issue we hold that there has been inadequate proof of breach of any warranty of merchantability.

We present the facts of this case as follows:[1] The debtor has been in the business of selling computers to retail outlets such as Wolsten's Projector House, Inc. ("Wolsten"). To enhance its cash flow, the debtor was in the practice of factoring its accounts from Wolsten. Quite simply, the debtor would sell at a discount to Westinghouse Consumer Credit ("Westinghouse") its accounts receivable from Wolsten, and Wolsten would then pay Westinghouse. Credits granted by the debtor to Wolsten for returned merchandise would be reconciled through Westinghouse.

The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") and thereupon the debtor ceased factoring its accounts receivable to Westinghouse. At the time of the filing of the petition, Wolsten was holding $3,600.00 in credits from the debtor but Wolston insisted that such amount could be offset against charges for postpetition purchases from the debtor. Thus, Wolsten then owed Westinghouse a sum equal to the face value of the useless credits. Wolsten and Westinghouse compromised the dispute for $1,800.00.

After the filing of the petition, Wolsten ordered $12,150.00 worth of merchandise from the debtor. The terms of the agreement provided for tender of payment to the shipper of the goods "C.O.D.", payable by check. Wolsten issued a check for $12,150.00. But because the debtor refused to allow a setoff for the purchase price of the goods against the previously issued $3,600.00 credit, Wolsten stopped payment on the check.

Part of the $12,150.00 purchase consisted of 2 CX computers priced at $1,100.00 each.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

At about the time of that order Wolsten also purchased 5 other CX computers. Although one of the main selling points of the debtor's computers is that they are billed as compatible with Apple brand computers and programs, Wolsten claims that these 7 CX computers could not run numerous programs sold by Apple, and for that reason the computers were returned to Wolsten by retail purchasers. We find insufficient evidence to support the averment that the CX computers essentially were not compatible with Apple brand programs.

The debtor commenced suit to reduce to judgment its alleged claim of $12,150.00. Wolsten asserts that this sum is properly reduced through setoff against the $1,800.00 sum, which was paid to Westinghouse due to the latter's failure to honor the debtor's prepetition credit of $3,600.00. With hopes of reducing the $12,150.00 claim further, Wolsten contends that the debtor breached an implied warranty of merchantability on its sale of the 7 CX computers on the basis that they will not run Apple brand software.

On the question of setoff, the Court of Appeals for the Third Circuit has stated that, "It is clear ... that a creditor may not set off its pre-petition claims against a debt owed to the debtor which came into existence after the filing of the bankruptcy petition." *Cooper-Jarrett, Inc. v. Central Transport, Inc.*, 726 F.2d 93, 96 (3d Cir. 1984); *Zerodec Mega Corp. v. Terstep of Texas, Inc.* (In Re Zerodec Mega Corp.) 47 B.R. 304, 309 (Bankr.E.D.Pa.1985), *aff'd in pertinent part*, No. 85–2424, slip op. at 4 n. 2 (E.D.Pa. Mar. 14, 1985). The debtor's claim against Wolsten arose *post* petition, but Wolsten's credit against the debtor originated *pre* petition. Thus, setoff is not allowable.

Moving to the alleged breach of an implied warranty of merchanability, the Uniform Commercial Code ("the UCC") of Pennsylvania states that:

§ 2314. Implied warranty: merchantability; usage of trade

(a) Sale by merchant.—Unless excluded or modified (section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(b) Merchantability standards for goods.—Goods to be merchantable must be at least such as:

(1) pass without objection in the trade under the contract description;

(2) in the case of fungible goods, are of fair average quality within the description;

(3) are fit for the ordinary purposes for which such goods are used;

(4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved.

(5) are adequately contained, packaged, and labeled as the agreement may require; and

(6) conform to the promises or affirmations of fact made on the container or label if any.

(c) Course of dealing or usage of trade.—Unless excluded or modified (section 2316) other implied warranties may arise from course of dealing or usage of trade.

13 Pa.Cons.Stat.Ann. § 2314 (Purdon 1984). Wolsten advances the argument that since the debtor peddled its CX computers as being compatible with Apple brand software, an implied warranty of merchantability was breached under § 2314(c) when the CX computers allegedly failed to run Apple software. The evidence on the point at issue is weak. Although Apple sells thousands of software programs, no evidence establishes what programs cannot be run on the CX computers. The importance of the unrunable programs to a particular customer likewise seems a pertinent concern, as well as Wolsten's ability to sell the computers to other customers who could use the machines with programs that could be run on the computers. We simply can-

not determine the extent of the incompatibility and on that failure of proof we conclude that there has been no breach of an implied warranty of merchantability.

Since none of Wolsten's bases for undercutting the claimed sum of $12,150.00 are valid, we will accordingly enter judgment in that amount in favor of the debtor and against Wolsten.