**In re OXFORD ROYAL MUSHROOM PRODUCTS, INC., Debtor.**

**Bankruptcy No. 81–02434G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 25, 1986.

Nathan Lavine, Mark A. Kompa, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., Trustee, Robert H. Levin.

Bruce Alan Herald, Goldberg, Evans, Herald & Donatoni, West Chester, Pa., for creditor, Londonderry Mushroom Farms, Inc.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, and Allen B. Dubroff, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for Creditors' Committee.

William T. Windsor, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for debtor, Oxford Royal Mushroom Products, Inc.

Robert H. Levin, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The focus of the controversy at hand is whether the "cause" requirement of 11 U.S.C. § 502(j) and Bankruptcy Rule 3008 is an additional implicit element required for disallowance of a claim under 11 U.S.C. § 502(d). On the basis of the reasons ex-

pressed herein, we conclude that it is not, and we will therefore disallow the claim at issue.

The facts of this controversy are as follows:[1] A creditor, Londonderry Mushroom Farms, Inc. ("Londonderry"), filed a proof of claim (No. 98) against the bankruptcy estate for $209,846.34 for prepetition merchandise sold and delivered to the debtor. The trustee objected to the claim on the basis that the debtor's books reflect that it only owed Londonderry $188,282.21, consisting of $121,784.41 for prepetition goods and $66,497.80 for postpetition merchandise. The trustee also asserted in its objection that he had commenced suit in this court claiming that Londonderry owed the debtor $66,497.80 for postpetition goods the debtor sold to Londonderry. The parties eventually stipulated to an adjustment and setoff of prepetition liabilities and fixed Londonderry's claim at $71,558.38. At the time of the execution of the stipulation the trustee knew that he had little prospect of ever collecting on any possible judgment against Londonderry if he prevailed in his suit against it. We thereafter entered judgment on the trustee's complaint in his favor and against Londonderry in the amount of $46,475.93 for postpetition goods sold to it by the debtor.[2] Londonderry has failed to pay any part of the judgment.

The trustee filed a second objection to Londonderry's proof of claim requesting that we disallow it under 11 U.S.C. § 502(d) of the Code. Londonderry defends the action by asserting that the trustee knew at the time of the signing of the stipulation that it would be unable to satisfy any possible judgment entered in favor of the trustee. Thus, Londonderry claims that circumstances have not changed since the signing of the stipulation and that therefore there is no "cause" for reconsidering our order approving the stipulation in question.

■ Under § 502(d)[3] the bankruptcy court may disallow a claim if the claimant has failed to pay money it owes the estate or turn over property of the estate. This provision is based on the policy that a creditor who fails to turn over to estate any money or property it owes to the estate, will not be entitled to share in the proceeds of the estate. This power of disallowance is distinct from the court's power to reconsider claims under § 502(j)[4] and Bankruptcy Rule 3008.[5] Hence, the requirement that claims may only be reconsidered for cause under § 502(j) and Bankruptcy rule 3008 is not applicable to § 502(d). Section 502(d) is limited by the terms and conditions set forth in that provision rather than the restrictions of § 502(j) and Bankruptcy Rule 3008.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. Set off between Londonderry's prepetition claim and the trustee's postpetition judgment is not permissible since set off between prepetition debts and postpetition claims is not allowable. *Cooper Jarrett, Inc. v. Central Transport, Inc.,* 726 F.2d 93, 96 (3d Cir.1984); *Franklin Computer Corp. v. Wolsten's Projector House, Inc.* (In Re Franklin Computer Corp.), 57 B.R. 155, (Bankr. E.D.Pa.1986).

3. (d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.
11 U.S.C. § 502(d).

4. (j) Before a case is closed, a claim that has been allowed may be reconsidered for cause, and reallowed or disallowed according to the equities of the case.
11 U.S.C. § 502(j). This provision has been amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984. The above-quoted, preamendment language is applicable to the case before us.

5. RECONSIDERATION OF CLAIMS
A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.
Bankruptcy Rule 3008.

As applied to the case at hand, the fact that the trustee knew at the time of the signing of the stipulation that Londonderry would be unable to pay any possible judgment that the trustee might obtain, is no bar to the disallowance of Londonderry's claim under § 502(d). Under § 502(d) Londonderry has neglected to pay 11 U.S.C. § 542 of the Code the trustee's judgment on his postpetition claim. Thus, disallowance of Londonderry's claim is mandated. *Bank of Dixie v. King (In re Honeycutt Grain & Co., Inc.)*, 41 B.R. 678 (Bankr.W.D.La.1984).

We will accordingly enter an order disallowing Londonderry's total claim of $71,558.38.