KENNEDY, Justice.
The plaintiff, Falls International, Inc. (“Falls”), appeals from a final judgment in *1235 its favor and against the defendant, Ford New Holland, Inc. (“New Holland”).
This case involves a claim by Falls against New Holland, and a counterclaim by New Holland on a purported $35,000 debt. During the pendency of this case in the trial court, Falls petitioned for Chapter 11 bankruptcy and Falls’s bankruptcy plan was confirmed. Under that plan this case was to proceed and any judgment against Falls in favor of New Holland was to be paid like that of an unsecured creditor.
Just prior to trial, Falls answered New Holland’s $35,000 counterclaim, admitting a debt of $28,000. At trial, the jury awarded Falls $40,000 on its claim. New Holland’s $35,000 counterclaim was not tried. Thereafter, the trial court entered a judgment on New Holland’s $35,000 counterclaim for $28,821.91 and a judgment on Falls’s claim in the amount of the jury award of $40,000.
At issue is whether the trial court erred when it later permitted a set-off of these awards by substituting for its earlier judgments one judgment representing the difference between the two, in favor of Falls.
Falls argues that such a set-off is not permitted under 11 U.S.C. § 553, under the reasoning in Cooper-Jarrett, Inc. v. Central Transport, Inc., 726 F.2d 93 (3d Cir.1984).
The foundation of Falls’s arguments is the assumption that there was a settlement agreement between the parties, just as there was one in Cooper-Jarrett. After thoroughly reviewing the record, we disagree with Falls’s contention that the circumstances of the entry of the judgment on the counterclaim were in the nature of a settlement agreement. Thus, the reasoning of Cooper-Jarrett is distinguishable, and further discussion is pretermitted.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.