**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1291
_____

HESHAM ISMAIL,
                                        Appellant

v.

INTERSTATE RESOURCES INC; UNITED CORSTACK LLC, (Successors to
Interstate Resources), TDBA DH Smith Reading Mill, TDBA Interstate Resources Inc;
DS SMITH HOLDINGS INC, (Successors to Interstate Resources), TDBA DS Smith
Packaging Reading and Interstate Resources, TDBA DS Smith Reading Mill, TDBA
United Corstack LLC, TDBA Interstate Resources; INTERSTATE CONTAINER
READING LLC, (Successors to Interstate Resources), TDBA DS Smith Reading Mill,
TDBA Interstate Resources Inc; DS SMITH PLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-02881)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2021

Before:  CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed February 16, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Hesham Ismail appeals from the District Court's order enforcing a settlement agreement with his former employer, Interstate Resources, Inc., and its corporate affiliates (collectively, the "Defendants"). For the reasons set forth below, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In July 2018, Ismail filed a complaint in the District Court against the Defendants, raising employment discrimination claims under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act. The case was referred to the Magistrate Judge, who conducted a settlement conference on April 3, 2019. At the conclusion of the four-hour conference, counsel for Ismail and counsel for the Defendants stated that they had reached an oral settlement. The parties agreed to the terms of the settlement on the record and expressed their intention to reduce the agreed-upon terms to a writing. The Magistrate Judge issued an order dismissing the case as settled but retaining jurisdiction for purposes of enforcing the settlement agreement. See generally Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379–81 (1994).

After the agreement was put in writing and reviewed by the parties' attorneys, Ismail refused to sign it. Ismail's counsel and counsel for the Defendants moved to enforce the settlement agreement. The Magistrate Judge held a hearing and took testimony from Ismail. He testified that, based on his conversations with unidentified friends who are criminal attorneys, he believes that his attorney misled him to settle for

2

an amount that was too low. He primarily alleged that his attorney misinformed him regarding his ability to recover certain damages and attorney's fees.

The Magistrate Judge issued a report and recommendation that the settlement agreement be enforced in accordance with the terms of the written agreement that Ismail had refused to sign. On December 19, 2019, after reviewing the record and Ismail's objections de novo, the District Court adopted the recommendation and ordered that the settlement agreement be enforced. Ismail then purported to exercise Sections 24 and 25 of the unsigned written agreement, which stated that he had 21 days to consider the agreement and that he could revoke the agreement within seven days of signing it. Ismail filed various requests that the case be reinstated based on his alleged revocation.

The District Court denied Ismail's requests to reinstate the case. The District Court explained that it had ordered the enforcement of the April 3, 2019 oral settlement agreement and that Sections 24 and 25 of the unexecuted written agreement were not a part of the settlement. On January 6, 2020, the District Court amended its December 19, 2019 order to clarify that it was ordering the enforcement of the settlement agreement in accordance with the terms reached on the record on April 3. Ismail then sent emails to the District Judge challenging the amended order and again requesting that the case be reinstated. On January 27, 2020, the District Court denied Ismail's requests. Ismail filed his notice of appeal on February 6, 2020.

II.

We have jurisdiction under 28 U.S.C. § 1291.[1] "This court applies plenary review to a district court's construction of settlement agreements, but should review a district court's interpretation of settlement agreements, as well as any underlying factual findings, for clear error." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002); see also Tiernan v. Devoe, 923 F.2d 1024, 1031–32 (3d Cir. 1991).[2]

III.

We agree with the District Court that the parties entered a binding and enforceable settlement agreement pursuant to the terms placed on the record at the April 3, 2019 settlement conference. "The enforceability of settlement agreements is governed by principles of contract law." Mazzella v. Koken, 739 A.2d 531, 536 (Pa. 1999). "As with any contract, it is essential to the enforceability of a settlement agreement that the minds of the parties should meet upon all the terms, as well as the subject-matter, of the

---

[1] Because the District Court's January 6, 2020 order resolved a substantive ambiguity in the original judgment, the 30-day time period to appeal began anew. See F.T.C. v. Minneapolis-Honeywell Regul. Co., 344 U.S. 206, 211–12 (1952) (explaining that an order that substantively changes, or resolves a genuine ambiguity in, a judgment previously rendered begins anew the time period for appeal); Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 746 (3d Cir. 1990) ("An order substantively changing a judgment constitutes a new judgment with its own time for appeal at least where the change is the subject matter to be reviewed."). We construe Ismail's challenges to the January 6 order as a timely motion for reconsideration, which the District Court denied in its January 27, 2020 order. Ismail's timely notice of appeal from that order "brings up the underlying judgment for review." See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012) (quotation marks and citations omitted).

[2] Under the circumstances here, we apply Pennsylvania law to the enforceability of the settlement agreement. See Tiernan, 923 F.2d at 1032–33 & n.6.; see also Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 889 (3d Cir. 1975).

4

[agreement]." Id. (quotation marks and citation omitted). "An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing." Cooper-Jarrett, Inc. v. Cent. Transp., Inc., 726 F.2d 93, 96 (3d Cir. 1984) (quotation marks and citation omitted).

Here, the transcript from the settlement conference reflects that Ismail accepted the Defendants' offer to settle the case on a set of definite terms that included valid consideration. See Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman, 795 F.2d 291, 299 (3d Cir. 1986) ("Applying Pennsylvania law, then, we must ask (1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration."). During a colloquy with the Magistrate Judge, Ismail affirmed that he had adequate time to discuss the matter with his counsel and that he felt he was well represented by counsel. Ismail said he understood that accepting the settlement would release his claims against the Defendants, that the settlement amount included all costs and counsel fees, and that he would not be entitled to make a separate request for reimbursement of those fees. Ismail stated that he had no questions and he explicitly agreed to the terms of the settlement.

Ismail's arguments to invalidate the settlement are meritless. There is no support in the record for his contention that he was misinformed and misled into settling the case on the basis of fraud sufficient to invalidate the agreement. There is no evidence that Ismail was misinformed regarding his likelihood of recovering damages in excess of the settlement amount, and merely "[h]aving second thoughts about the results of a valid

5

settlement agreement does not justify setting [it] aside." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002) (alteration and internal quotation marks omitted). Ismail's engagement letter with counsel and his colloquy with the Magistrate Judge fully informed him regarding the issue of attorney's fees.

Ismail's failure to sign the settlement documents does not invalidate the settlement agreement. When the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement. See Grossman, 795 F.2d at 298–300; see also Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 582 (3d Cir. 2009) (explaining that "parties may bind themselves contractually although they intend, at some later date, to draft a more formal document" (quotation marks and citation omitted)). Here, the settlement documents were exchanged to memorialize the terms of an already-reached agreement, and Ismail's obligation to sign the documents was part of what he had already agreed to do.

Further, there is no basis for Ismail to revoke the settlement agreement pursuant to Sections 24 or 25 of the unexecuted written documents. The District Court properly determined that the oral agreement reached on April 3, 2019, established the terms of the settlement. The transcript from the settlement conference makes clear that the material terms of the parties' agreement did not contemplate revocation in any form. Ismail does not cite any legal authority supporting his claim that he had the right to rely on provisions in unexecuted settlement documents in order to cancel a valid and enforceable oral agreement that the parties had previously reached.

6

Finally, the District Court properly denied Ismail's motion for reconsideration, which was based on a repetition of his meritless arguments to invalidate or revoke the settlement agreement. <u>See generally</u> <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). We have carefully reviewed the rest of Ismail's arguments on appeal, and we find them to be meritless.

Accordingly, we will affirm the judgment of the District Court.

7