PER CURIAM.
Following the culmination of a divorce action brought by the plaintiff-appellant wife, the defendant-appellee husband petitioned the chancellor for a rule to show cause, asking that the court require the wife to convey to him her interest in certain properties held by the two as an estate by the entireties. The wife had been awarded a decree of divorce, with the husband being ordered to convey to her his interest in the home. No real property other than this was mentioned in the decree. Pursuant to the show cause petition, the court entered a post decretal order through which he directed the wife to convey to the husband her interest in a vacant lot designated as the “Hypoluxo” property. From that order, the wife has brought the appeal.
A petition for rehearing directed to the final decree filed by the husband had been denied by the chancellor, with no mention *210 being made of the Hypoluxo lot, either in the petition or the court’s denial order; nor was any mention of it made in any order of the chancellor prior to the post decretal order. The show cause petition appears to have been predicated upon a statement made by the chancellor in his order denying petition for rehearing that “the awarding of the home-place of the parties to the Plaintiff would serve as a designation or award of her interest and contribution to the acquisition of the various properties owned by the parties. The same was not meant as lump sum alimony.”
Without ambiguity, the final decree itself directed transfer only of the husband’s interest in the home to the wife. Defendant husband brought an appeal, not from the final decree, but from the order denying petition for rehearing, a nonappealable order. Upon motion interposed by the wife, that appeal was dismissed. John C. Dotter v. Edith M. Dotter, Fla.App., 1962, 144 So.2d 880.
Prior to the post decretal order, none of the several properties except the home was mentioned in any of the chancellor’s orders. As pointed out, the appellee here seeks to interpret the mentioned language contained in the order denying petition for rehearing as meaning that he has a right to appellant’s interest in all the other properties which had been held as an estate by the entireties. He now relies upon the order which actually denied the petition for rehearing and from which an appeal had been taken and dismissed as nonappealable. It appears that the chancellor did not construe that order as it was done by appellee, because the post decretal order specified only the Hypoluxo property.
We comment that dissolution of marriage by divorce generally obliterates an estate by the entireties and converts tire husband and wife into tenants in common as if they had never been married. By this relationship each has an equal undivided interest in the property. Wilburn v. Wilburn, Fla.App.1962, 143 So.2d 518. It may also be pointed out that the rule is solidly entrenched that a final decree in an equity suit settles all property rights of the parties and precludes any action thereafter brought by either party to determine the question of property rights. Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423.
Before the chancellor in the divorce proceeding were the property rights of the parties. The final decree was rendered, as we have indicated, and no appeal from it has been taken. We arrive at the conclusion that the post decretal order should not have been entered.
Reversed.
SHANNON, C. J., and KANNER and SMITH, JJ^ concur.