PER CURIAM.
This is the second appearance here of this cause. The appellant, Wolfson, sued the appellee, Moye, to compel performance of an alleged contract for the sale of aviation stock. The trial court found that: “ * * * the contract on which plaintiff relies to be specifically performed for the sale of said aviation stock comes within the Statute of Frauds, and therefore in violation of Florida Statutes 725.02.” and dismissed appellant’s amended complaint. Wolfson filed an interlocutory appeal from the order of dismissal. That order was affirmed by this court without opinion in accordance with our policy of writing opinions upon the affirmance of interlocutory orders only in cases of special interest to the bar.
After this court’s mandate was filed in the trial court, Wolfson filed a “Motion for Amendment of Complaint” wherein he sought to amend his complaint by adding an allegation that Moye’s counsel told Wolf-son’s counsel that the written draft of the contract for sale of the stock was acceptable to Moye in all respects and that Moye would sign the contract, but not before June 30, 1966. The trial court denied the motion for amendment and dismissed the case.
Denial of a request to amend an amended complaint is not error when the compaint will not state a cause of action even if it includes the proffered amendment. See Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366 (1942). The trial judge was correct in his determination that the proposed amendment did not add any allegation sufficient to take the contract out of the operation of the Statute of Frauds. See Moritt v. Fine, 242 F.2d 128 (5th Cir. 1957).
Appellant urges that the Statute of Frauds[1] does not require the accept- *631 anee of a contract to be in writing and that the statement of Moye’s counsel to Wolf-son’s counsel constituted an oral acceptance which satisfied the spirit of the statute if not its letter. We cannot agree. The purpose of the statute is to prevent perjuries, to that end the essential elements of contracts to which the statute is applicable must be listed in a note or memorandum signed by the party to be charged. Wolf-son seeks to establish the essential elements by oral testimony that the person to be charged gave an oral statement to his lawyer and that the lawyer gave an oral statement to another lawyer. In Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1937), the Supreme Court of Florida pointed out:
“The statute should be strictly construed to prevent the fraud it was designed to correct, and so long as it can be made to effectuate this purpose, courts should be reluctant to take cases from its protection.”
The trial judge correctly determined that the proposed amendment was insufficient to take the alleged contract out of the operation of the Statute of Frauds. The question whether the complaint was sufficient without the amendment was determined adversely to the appellant upon the interlocutory appeal. See Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792 (1932).
The trial court found that the alleged contract did not meet the requirements of § 725.02, Fla.Stat. (1965), F.S.A., and was therefore unenforceable. This finding not only precludes the remedy of specific performance, but it precludes the granting of damages for the alleged breach as well. Riviera Printing Company v. Hessler’s Inc., Fla.App.1959, 109 So.2d 778.
Affirmed.

. Section 752.02, Pla.Stat. (1965), P.S.A., provides:
“Contracts to sell personalty. — No contract for the sale of any personal property, goods, wares or merchandise shall be good, unless the buyer shall accept the goods (or part of them) so sold and actually receive the same, or give something *631 in earnest to bind the bargain or in part payment, or some note or memorandum in writing of the said bargain or contract be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized.” (§ 678.8-819, Fla.Stat. (1967), F.S.A., is the Statute of Frauds presently applicable to the sale of securities.)