274 So.2d 259 (1973)
Ronald G. MORETTO et al., Appellants,
v.
Irving SUSSMAN, As Trustee, Appellee.
No. 72-1039.
District Court of Appeal of Florida, Fourth District.
March 16, 1973.
*260 Leo Greenfield, of Law Offices of Leo Greenfield, North Miami, for appellants.
Joe D. Matheny, of Law Offices of Henderson & Matheny, Titusville, for appellee.
WALDEN, Judge.
This is an appeal from an interlocutory order which denied defendants' request for jury trial and dismissed defendants' amendment to their counter-claim, which amendment sought punitive damages because of plaintiff's alleged violation of the usury statute. We affirm.
The details of the financial dealings between the parties are unimportant here. Because of defendants' defaults, plaintiff sued for multiple relief, including the foreclosure of a mortgage. Defendants counterclaimed, charging usury and seeking statutory sanctions and penalties under F.S. 687.02, 687.04 and 687.071, Laws of 1969, F.S.A. The time for jury trial demand came and went per Rule 1.430, F.R. Civ.Proc., 30 F.S.A., and neither party timely requested such. Much later, with the cause being at issue and set for non-jury trial, the defendants undertook to amend and file a second count to their counter-claim. It again charged the same usury but, this time, demanded punitive damages thereby. Additionally, defendants thereafter demanded a jury trial. The instant order resulted.
First, are punitive damages allowable in addition to the statutory penalties and relief as a consequence of usury? The answer is "no".
Defendants assert that they are so entitled, resting their position on Chakford v. Sturm, Fla. 1953, 65 So.2d 864. With respect, they misplaced their confidence, as this case provides for no relief other than that allowed by statute. The statute of that time provided in certain instances for the forfeiture of principal and interest. The particular holding was that usurious payments previously made could be recovered and statutorily forfeited.
Usury is a creature of statute. Thus, usury violations are statutorily governed and give rise only to those penalties and relief statutorily contained or provided. Other damages, compensatory or punitive, are not recognized or permitted. See Coral Gables First National Bank v. Constructors of Florida, Fla.App. 1960, 119 So.2d 741; Coe v. Muller, Fla. 1917, 74 Fla. 399, 77 So. 88; Tel Service Co. v. General Capital Corp., Fla. 1969, 227 So.2d 667; Spinney v. Winter Park Building & Loan Ass'n., Fla. 1935, 120 Fla. 453, 162 So. 899.
Second, as to the re-opening of the closed period for demanding a jury trial, we feel that had the defendants been able to plead a new and valid cause of action, they would newly be entitled to request and receive jury trial for the whole case or such part of it as would be appropriate. Rule 1.430, F.R.Civ.Proc.
However, we are of the opinion that the new pleading being legally inadequate, does not justify a new entitlement. If it were so, the time limit rule for demanding a jury trial would be rendered impotent and meaningless. A tardy pleader could simply file an abortive and insufficient pleading and thereby nullify the rule maker's intent and the trial court's discretion by using the worthless pleading as a vehicle to remedy his earlier default in failing to timely request jury trial.
No reversible error having been demonstrated, the order appealed is
Affirmed.
CROSS and MAGER, JJ., concur.