396 So.2d 1192 (1981)
Shirley J. SPIKES, Appellant,
v.
James L. SPIKES, Sr., Appellee.
No. 80-1931.
District Court of Appeal of Florida, Second District.
April 15, 1981.
Claudos G. Spears of Allison, Spears & Heistand, St. Petersburg, for appellant.
Glenn D. Storch of Myron J. Mensh, P.A., St. Petersburg, for appellee.
RYDER, Judge.
The wife appeals from a final judgment of dissolution of marriage, contending that the trial court erred by ruling that the wife was not entitled to alimony other than payment by the husband of the mortgage expenses on the marital home. Although not argued by appellant/wife, we think it was error to credit alimony to the husband for the $285.00 monthly mortgage payments.
The trial court's order, in pertinent part, provides:
The Petitioner/Husband shall pay to the Respondent/Wife, as alimony, the sum of *1193 $285.00 per month, until the Wife remarries, or dies or until further order of the Court, such sum being the amount of the principal, interest and taxes and is on the home place, and the same may be paid by the Husband paying the mortgage directly.
The order further provided that the wife will have the sole possession of the martial premises.
By ordering the husband to make alimony payments by paying off the mortgage, the trial court is impermissibly requiring the wife to build her husband's equity in the property. Smith v. Smith, 390 So.2d 1223 (Fla. 1st DCA 1980). As noted in Hendricks v. Hendricks, 312 So.2d 792 (Fla.3d DCA 1975), it is the obligation of each tenant in common to pay one-half of the property expenses consisting of mortgage payments, insurance, taxes and necessary repairs. By allowing the husband to use his alimony payments for the mortgage, he is building his equity in the marital home without having to pay for it as his alimony is deductible from his income taxes. 26 U.S.C.A. § 215 (1978).
Accordingly, the judgment is hereby amended to provide that while the marital residence is occupied by the wife, and until the ultimate sale of the property thereafter, the husband will pay one-half of the mortgage expenses (principal, interest and taxes) which will not be credited toward his monthly alimony payment of $285.00.
The judgment as herein amended is AFFIRMED.
OTT, Acting C.J., and CAMPBELL, J., concur.