**In the Matter of David ROMANO, Debtor(s).**

**Bankruptcy No. 81–1646.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 8, 1985.

John H. Mueller, Tampa, Fla., for Charles Clark & Marta Romano.

Albert Lima, Langfred White, Tampa, Fla., for debtor.

Charles Clark, Tampa, Fla., for Marta Romano.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matter under consideration is the estate's right of contribution for payments made with respect to property owned jointly by the Debtor and his former wife. The Debtor seeks an order from this Court directing Marta Romano, the Debtor's ex-wife, to pay one half of certain expenses incurred by the Debtor in connection with the upkeep of two parcels of property. Marta Romano disputes the Debtors claims and asserts the right to set-off certain claims she has against the Debtor. The facts relevant to a resolution of the controversy under consideration may be summarized as follows:

Prior to the dissolution of their marriage, the parties owned two parcels of property, commonly referred to as the Bay Way Place and Morris Bridge Road properties, as tenants by the entirety. The Bay Way Place property was the marital home and the Morris Bridge Road property is vacant land. By operation of the Final Judgment of Dissolution of Marriage the wife was given the sole right to occupy the Bay Way Place property until the youngest child of the parties reached the age of majority. In addition, an amendment to the Final Judgment of Dissolution of Marriage states:

"As additional child support, the husband shall pay the monthly mortgage payment, taxes and insurance on the jointly owned residence at 4916 Bay Way Place, Tampa, Florida, and such payments shall continue until all of the children of the parties shall have reached majority. The wife and said minor children shall have the exclusive use and occupancy of the said premises and the furniture and furnishings therein so long as any minor child of the parties shall not have reached majority. When all of the children of the parties have reached majority, either party may apply to the Court for a partition of the said residence".

The last minor child of the parties reached majority on March 4, 1984, however, Marta Romano has remained in sole possession of the Bay Way Place property since that time. The Debtor has made all payments with respect to the Morris Bridge Road property since the Final Judgment dissolving the marriage was entered. Neither party has made any use of the Morris Bridge Road property.

Based upon the foregoing facts, the Debtor seeks payment from Marta Romano equal to one-half of the mortgage, insurance, and tax payments made by the Debtor on the Bay Way Place property since the time of the Final Judgment of Dissolution of Marriage, a reasonable rent for the use and occupancy of the Bay Way Place property by the former wife since the last child reached majority and also one-half of all payments made by the Debtor with respect to the Morris Bridge Road property.

Under Florida law it is clear that the parties are now tenants in common with respect to both properties. *Dotter v. Dotter*, 147 So.2d 209 (Fla. 2d D.C.A.1962); *Ball v. Ball*, 335 So.2d 5 (Fla.1976). In addition, the general rule of law is that a co-tenant is entitled to reimbursement for one-half of all expenses paid in connection with property held as tenants in common. Specifically, the case of *Hendricks v. Hendricks*, 312 So.2d 792 (Fla. 3d D.C.A.1975) held that where a former spouse is left in possession of property and the other spouse is obligated to pay all of the expenses, the paying spouse is entitled to credit for one-half of those expenses. While the Debtor contends that this case supports his claim for one-half the mort-

gage, tax and insurance payments made since the marriage was dissolved, this Court finds it to be inapplicable.

■ The state court was very clear when it designated payment on account of the Bay Way Place property as child support. Such payments were not ordered so as to improve the former wife's position but were ordered for the sole purpose of providing shelter and support of the minor children. To order the former wife to repay one-half of these expenses would amount to requiring her to pay for support of the minor children. Such an order would clearly be beyond this Court's jurisdiction and in addition would directly conflict with the order of the state court. *In re Harrell*, 33 B.R. 989 (N.D.Ga.1983). *Barber v. Barber*, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226 (1858). Therefore, this Court finds that the Debtor is not entitled to one-half of the mortgage, tax and insurance payments made prior to March 4, 1984.

■ The next matter for consideration is the Debtor's right to receive rent for the time the former wife occupied the Bay Way Place property after March 4, 1984. It is the Debtor's position that he has been denied any use of the property and thus is entitled to one-half the fair rental value of the property. In addition, the Debtor claims he is due half the mortgage, tax and insurance expenses he has paid since March 4, 1984. The former wife does not contest the Debtor's right to these payments but claims a set-off. Marta Romano claims that after the parties' last child reached majority she considered moving from the home but was told by a real estate broker that the house's saleability would be vastly improved by her remaining. By remaining in the house, she claims to have actually benefitted the Debtor by acting as a live-in caretaker. In addition, Marta Romano claims to be owed a substantial amount of money for repairs she made to the house. Ms. Romano claims to have replaced a number of doors in the house, to have maintained the lawn and to have painted the interior of the house her-

self for which she claims to be owed money both for materials and her own labor. She also claims to have made a number of mortgage payments on the property in the total amount of $3,346.44 and to have paid the property taxes for 1984.

This Court finds the case of *Adkins v. Edwards*, 317 So.2d 770 (Fla. 2d D.C.A. 1975) to be controlling. In the Adkin's case the former husband was required to pay mortgage, taxes and insurance on the former marital home which the wife was awarded possession. The wife eventually remarried, vacated the home, and the husband moved into the house. The wife then brought an action for partition of the property and also sought one-half of the reasonable rental value of the property for the period of the ex-husband's exclusive occupancy. The Court held that the former wife was entitled to one-half the fair rental value but that the husband would be allowed to offset against that amount one-half the mortgage payments, taxes and insurance paid by him after the wife's remarriage. This Court also finds the law to be clear that one co-tenant is entitled to reimbursement for one-half of monies spent on essential improvements to preserve the property. *Potter v. Garrett*, 52 So.2d 115 (Fla.1951).

■ Testimony was presented as to the fair rental value of the property and based on that testimony this Court finds the fair rental value to be $1,000.00 per month. In addition, this Court has considered the repairs made by the wife and none of them appear to be "essential improvements to preserve the property". *Potter v. Garrett, supra.* Therefore, the Debtor shall be entitled to $500.00 per month for the period after March 4, 1984 until the ex-wife vacates the property. Against that amount the wife shall be allowed to offset one-half of the $3,346.44 paid for mortgage payments. The wife shall not be allowed a credit for any of the repairs or upkeep.

■ The last claim by the ex-husband is for one-half of the mortgage payments, taxes and insurance paid on the Morris

Bridge Road property since the entry of the final judgment dissolving the marriage. As noted earlier, Under Florida law, when the parties' marriage was dissolved they automatically became tenants in common with respect to the Morris Bridge Road property. *Dotter v. Dotter, supra, Ball v. Ball, supra.* Accordingly, it is the obligation of each co-tenant to pay half of the expenses with regard to the property. Those expenses which are generally considered the obligation of both parties are mortgage payments, insurance, taxes and necessary repairs. *Spikes v. Spikes,* 396 So.2d 1192 (Fla. 2d D.C.A.1981).

The testimony at the trial was clear that the Debtor has made all of the payments on the Morris Bridge Road property and that the ex-wife has made none. Based upon the clear facts and the law as set forth above the Debtor shall be allowed to recover from the ex-wife one-half of the payments made on the Morris Bridge Road property.

Lastly, this Court must consider the claim of Marta Romano; that she is entitled to a set-off for one-half the monies received by the Debtor as a result of the satisfaction of a note and mortgage which the parties held as tenants in common (the Elthanca mortgage) for costs arising out of the dissolution proceeding and for lump sum alimony which the Debtor has failed to pay. The law with respect to set-off is governed by 11 U.S.C. § 553 which states:

11 U.S.C. § 553. Set-off

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of the debtor that arose before the commencement of the case, except to the extent that—

(1) The claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title:

(2) Such claim was transferred by an entity other than the debtor to such creditor—

(A) After the commencement of the case; or

(B)(i) After 90 days before the date of the filing of the petition; and (ii) while the debtor was insolvent; or—

(3) The debt owed to the debtor by such creditor was incurred by such creditor—

(A) After 90 days before the date of filing of the petition:

(B) While the debtor was insolvent:

(C) For the purpose of obtaining the right of set-off against the debtor

It should be noted that the ex-wife has secured a state court judgment with respect to the monies due from the satisfaction of the Elthanea mortgage. Of course, the expenses involved in the divorce proceeding and the alimony award have also been reduced to judgment. All of the judgments were entered more than 90 days before the petition was filed in this case.

The primary issue for consideration is whether there exists a mutuality of claims as contemplated by § 553. Whether there is a valid claim is a matter of substative law, usually state law, however, whether a right to set-off is available is a question of federal law and wholly depends upon the terms of section 553. 4 Collier on Bankruptcy 553–38 (1985).

The right to set-off is not limited to claims arising out of the same transaction or occurance; rather the test to be applied is whether there is a mutuality of obligation. 4 Collier on Bankruptcy 553–15 (1985). Debts must be mutual to effect a valid set-off, that is, each party must owe a debt each directly to the other. *Commonwealth of Massachusetts v. Dartmouth House Nursing Home, Inc. (In re Dartmouth House Nursing Home, Inc.),* 24 B.R. 256 (Bankr.D.Mass.1982). The debts must be in the same right and between the same parties standing in the same capacity. 4 Collier on Bankruptcy 553–22 (1985); *Richard T. Eckles, Trustee v. Petco Inc., Interstate (In re Balducci Oil Company,*

*Inc.),* 33 B.R. 847, 11 B.C.D. 237 (Bankr.D. Colo.1983).

In the case at hand it is clear that the obligation owed by the Debtor to his ex-wife did not arise out of the same transaction of occurrence as the claim by the Debtor. Nevertheless, there is a mutuality of obligation present in this case. Each party owes a debt and each owes it directly to the other. Therefore, the ex-wife shall be allowed to set-off the $14,760.52 judgment with respect to the Elthanca mortgage and the $3,560.02 lump sum alimony award against all amounts found to be owing by her to the Debtor. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the parties are directed to file within 30 days from the entry of this order itemized statements as follows:

The Debtor shall submit an itemized statement of all payments made by him with respect to the Morris Bridge Road property since the entry of the order dissolving the marriage, an itemized statement of all payments made since March 4, 1984 with respect to the Bay Way Place property together with such proof as is deemed necessary to support the statement.

Marta Romano shall submit an itemized statement of all payments made with respect to the Bay Way Place property since the entry of the final judgment dissolving the marriage together with such proof as is deemed necessary to support the statement.

A separate final judgment will be entered in accordance with the foregoing.