### In re SUNCRETE CORPORATION, Debtor.

### SUNCRETE CORPORATION, Plaintiff,

### v.

### Frank L. GLUSMAN, Defendant.

### Bankruptcy No. 88–303–BKC–6P1. Adv. No. 88–286.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

May 18, 1989.

Richard B. Webber, II, Orlando, Fla., for plaintiff.

James P. Foster, Orlando, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon complaint filed by Suncrete Corporation ("Suncrete") seeking to recover on a promissory note. The defendant answered the complaint and raised setoff as an affirmative defense. Suncrete contends that defendant cannot assert setoff when (i) defendant failed to file a proof of claim before the claims bar date; and (ii) where the right of setoff belongs to a related third-party. A trial of this adversary proceeding was held March 28, 1989, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Suncrete is a subcontractor engaged in providing concrete tilt-up construction services. On December 31, 1986, it entered into a subcontract relationship with South Florida Warehousing II for the construction of walls at the New Town Building construction site located in Ft. Lauderdale, Florida (Defendant's Exhibit 7, 15 and 16). The agreement was modified on July 1, 1987, when Suncrete agreed to undertake the construction of a concrete pad behind Building Number 4 of the New Town Commerce Center (Defendant's Exhibit 17). The defendant, Frank L. Glusman, is a general partner in South Florida Warehousing II.

South Florida Warehousing II subsequently defaulted in its obligations and Suncrete recorded several mechanics' liens against the property. In order to clear title to the property, the defendant issued Suncrete a check for $47,553.55 and a promissory note (the "Note") in the principal amount of $26,500.00 (Plaintiff's Exhibit 2). Suncrete then satisfied the liens against South Florida Warehousing II in Dade and Broward County and forgave the remaining balance of $11,544.77.

The terms of the Note are unambiguous and provide for payment in full on February 10, 1988. The interest rate is twenty percent (20%) per annum and is waivable if the Note is paid prior to its maturity date. The Note also deals with costs and fees upon default:

> In the event of default in the payment of this Note, if the same is placed in the hands of an attorney at law for collection, the undersigned hereby agree(s) to pay all costs of collection including a reasonable attorney fee.

In order to eliminate argument concerning the charge of usury, Suncrete waived claim for interest but reserved the right to seek attorneys' fees.

On February 12, 1988, Suncrete filed a petition for relief from creditors under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101, *et seq.* Suncrete's bankruptcy schedules do not disclose an obligation owing to either South Florida Warehousing II or the defendant nor has there been a proof of claim filed by either of these parties. The bar date for filing proofs of claim was June 20, 1988, and notice of the bar date was distributed to creditors on February 22, 1988.

This adversary proceeding was commenced on August 12, 1988, seeking to recover under the terms of a promissory note. The affirmative defense of setoff was raised in an amended answer filed October 19, 1988.

As for the amount of the setoff, the defendant, his son Gary Glusman, Paul Harville, Anthony Sorren and Charles Sauls, all testified that South Florida Warehousing II spent $14,633.00 replacing or repairing the work performed by Suncrete and that the value of the concrete pad behind the New Town Commerce Center Building No. 4 "as built" was $18,500.00 less than the value of the building had it been completed "as designed." According to these witnesses, the amount of the setoff is $33,133.00. The witnesses also testified that these were debts of South Florida Warehousing II and not personal debts of the defendant.

The defendant testified that South Florida Warehousing II assigned to him this right of set-off of $33,133.00. However, the defendant did not produce a written instrument of assignment and could not state with specificity as to when the assignment was made.

## CONCLUSIONS OF LAW

### A. Setoff

The initial issue to be addressed is whether the defendant can assert setoff against Suncrete when it failed to file a proof of claim in the underlying bankruptcy case. Suncrete contends that the failure to file a proof of claim precludes the defendant from asserting such right of setoff.

The Court does not agree. The complaint in this adversary proceeding is predicated upon § 542(b) of the Bankruptcy Code. That section provides:

[A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim of the debtor.

Under the clear terms of the statute, the § 542(b) right to exercise setoff is not limited by time constraints nor is it tied to the filing of a proof of claim. Instead, the right to assert setoff is limited only by the parameters of § 553. *See, In re Whitman*, 38 B.R. 395, 398 (Bkrtcy.D.N.D.1984).

Here, the defendant is seeking to exercise a right of setoff as a defense to a turnover action. Instead of affirmatively seeking a distribution from the estate as he might, the defendant is attempting to satisfy a claim against the estate by a reduction in the amount of money he owes the debtor. In making this election, a creditor risks that his setoff will ultimately be found invalid. However, the decision to file a proof of claim belongs exclusively to the creditor. Predicating the right to assert setoff upon the filing of the proof of claim is an unwarranted intrusion into the creditor's decision making process. *See, In re G.S. Omni Corp.*, 835 F.2d 1317 (10th Cir. 1987).

The Court finds that the defendant is entitled to assert a right of setoff notwithstanding failure to file a proof of claim. *Accord, In re Fulghum Construction Corp.*, 23 B.R. 147 (Bkrtcy.M.D.Tenn.1982).

### B. Assignment of the Right of Setoff

The Court must now determine whether this defendant truly has a right of setoff. The evidence is undisputed that any setoff originally belonged to South Florida Warehousing II. However, the defendant contends that South Florida Warehousing II, an entity of which he is general partner, assigned to him the right to assert setoff against the debtor for damages arising out of the New Town Building construction contracts. Defendant did not produce any written record of this transaction to substantiate his claim.

■ Suncrete could not refute the testimony but suggests that the failure to satisfy the statute of frauds set forth in § 725.01, Florida Statutes, would invalidate any assignment. The Court does not agree. The statute of frauds is designed to prevent the enforcement of unfounded fraudulent claims between parties by requiring certain contracts to be evidenced by a writing. *Wolfson v. Moye*, 214 So.2d 629 (Fla. 3d DCA 1968). It gives the party to be charged the option of enforcing the contract or declaring it void.

In this case, Suncrete was not a party to the alleged assignment of the right of setoff nor was it a party to be charged. The assignment was between South Florida Warehousing II and Frank Glusman. Either of these parties had the right to raise the statute of frauds as a defense to an action by the other party arising out of the assignment. Suncrete, as an unrelated third party, has no standing to assert the statute of frauds to invalidate the assignment. *See, e.g., Young v. Pottinger*, 340 So.2d 518 (Fla. 2d DCA 1976).

■ While the statute of frauds fails to play a part in the validity of the assignment, it does impact heavily upon the defendant's credibility. Ordinarily, transactions of this nature are evidenced in writing. The fact that the assignment was not in writing is highly suggestive that it did not occur. Because the burden is on the party asserting the assignment to prove that such an assignment occurred, a written document or other writings evidencing the transaction should have been produced.

Jurisprudence has a policy of preserving the distinction between business entities. To give credence to the defendant's oral assertion that an assignment of the right of setoff occurred without requiring supporting documentation would be contrary to that policy. It would also open the specter of "self-dealing" between related business entities whenever situations such as this occur.

Should the Court find defendant's testimony credible, it would have no choice but to accept the unrebutted testimony as fact.

However, the Court finds that defendant's testimony is not credible and, therefore, defendant has failed to sustain his burden of proof as it relates to the assignment of the right of setoff. The Court finds that defendant may not assert setoff against the plaintiff.

The Court would also point out that had there been an assignment of the setoff within ninety days of the petition, the defendant may lose the right to assert this defense under § 553(a)(2)(B).

### C. Plaintiff's Entitlement to Attorneys' Fees

■ Finally, the Court must address the issue of Suncrete's entitlement to attorney fees in collecting this note, and if so, in what amount. This issue arises in the context of whether one may recover attorney fees in trying to enforce a usurious promissory note.

It is the defendant's position that the right to attorneys' fees is forfeited in seeking to enforce a usurious promissory note. Suncrete, on the other hand, argues that under Florida law, the penalty for usury based upon an interest rate less than 25% is limited to the forfeiture of interest. The Court agrees with Suncrete.

The pertinent portions of § 687.04, Florida Statutes, read as follows:

Any person, or any agent, officer, or other representative of any person, willfully violating the provisions of § 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity....

Under the terms of the statute, the only penalty for violating § 687.03, Florida Statutes, is a forfeiture of interest. The existence of usury in a loan of this nature does not prevent the recovery of reasonable attorneys' fees where an attorney is employed to enforce the payment of the principal sum of the loan. *Purvis v. Frink*, 61 Fla. 712, 54 So. 862 (Fla.1911); *McKinnon v. Johnson*, 57 Fla. 120, 48 So. 910 (Fla. 1912). In *Moretto v. Sussman*, 274 So.2d 259 (Fla. 4th DCA 1973), the court addressed the nature of usury penalties pursuant in Chapter 687, Florida Statutes. Said the court:

Usury is a creature of statute. Thus, usury violations are statutorily governed and give rise only to those penalties and relief statutorily contained or provided. Other damages, compensatory or punitive, are not recognized or permitted.

*Id.* at 260.

While Suncrete may have forfeited its right to interest it is not prohibited from recovery of attorneys' fees reasonably expended to recover the principal sum of the Note. Such a preclusion would be punitive in nature and is not permitted under the statute. Because there is no breakdown between hours spent enforcing the usurious portion of the note and time spent pursuing the principal amount, the Court will assume that all of the hours spent by Suncrete's counsel were utilized in attempting to recover the principal amount of the note.

The Court now turns to the reasonableness of the fees. Suncrete has submitted an Affidavit of its counsel claiming $3,001.50, representing 28.4 hours of attorneys' time. The supporting affidavit of attorney William E. Barfield was offered suggesting a fee of $3,050.00 for 25 to 30 hours of time. The defendant argues for a fee of $1,200.00.

In reviewing the evidence on attorneys' fees, the Court has considered the factors set forth in *Matter of First Colonial Corp.*, 544 F.2d 1291 (11th Cir.1977), *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla.1985), and finds a reasonable fee to be $3,001.50.

The Court will, by separate order, enter final judgment in favor of Suncrete in accordance with these findings.

### FINAL JUDGMENT

Upon Findings of Fact and Conclusions of Law, it is ORDERED that Plaintiff,

Suncrete Corporation, shall recover from Defendant, Frank L. Glusman, the principal amount of $26,500.00, plus costs in the amount of $120.00, and attorneys' fees of $3,001.50, for a total of $29,621.50, for which sum let execution issue.

DONE AND ORDERED.