**In re RUSH HAMPTON INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 84–1169–BKC–6P7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 15, 1993.

Andrea A. Ruff, Trustee, Orlando, FL.

Richard A. Resnick, Washington, DC, for IRS.

*Findings of Fact and Conclusions of Law*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Second Report on Trustee's Objections to Claims. The Trustee objects to claims 180 and 207 filed by the Internal Revenue Service ("IRS"). Hearings were held on February 26, 1993, March 19, 1993, and April 16, 1993. Upon the evidence presented the Court enters the following findings of fact and conclusions of law.

*Stipulated Findings of Fact*

The stipulated facts of the parties are as follows:

1. The debtor filed for relief under Chapter 11 of the Bankruptcy Code on December 31, 1984. On February 6, 1986, the case was converted to a Chapter 7 case of the Bankruptcy Code.

2. Andrea A. Ruff was appointed as the Chapter 7 trustee and still serves as trustee.

3. On May 27, 1986, the United States filed a proof of claim numbered 180 which included as an unsecured claim the debtor's 1978 federal income tax liabilities. These liabilities consisted of $43,893.02 in taxes and $48,457.49 in interest to the petition date. At this time, the United States did not assert that it had a right to set off the debtor's 1978 federal tax liability.

4. On May 27, 1986, the United States also filed a request for payment of Internal Revenue taxes document numbered 181 for the debtor's 1985 Federal Unemployment Tax Act (FUTA) tax liability, which consisted of Chapter 11 administrative expense. This claim was amended on November 28, 1988. On December 9, 1988, the Court entered an "Order Deferring Consideration of Request for Allowance of Administra-

tive Expenses" which provided that a ruling on the request for payment of Internal Revenue Service taxes filed by the United States would be deferred pending the final closing of the case.

5. On or about June 15, 1989, the Court entered the Notice of Trustee's Final Report and Accounting, which listed administrative claims filed in the estate at the time, including the only administrative claim of the Internal Revenue Service filed at the time in the amount of $39,187.92. The Internal Revenue Service did not file an objection to this notice.

6. On December 20, 1989, the Court entered its Order Allowing Administrative Expenses which allowed the administrative claim of the United States consisting of the debtor's 1985 FUTA tax liability. On or about December 21, 1989, the trustee paid over to the United States the amount of $39,187.92 in satisfaction of the debtor's 1985 FUTA tax liability.

7. Upon the conversion from a Chapter 11 to a Chapter 7 bankruptcy case, the Court entered an Order dated February 6, 1986, which Order provided as follows:

> June 11, 1986, is fixed as the last day for creditors to file a claim. In order to receive distribution from the estate, a claim must be filed. *THOSE CREDITORS WHO HAVE PREVIOUSLY FILED CLAIMS NEED NOT REFILE THEIR CLAIMS.* Proofs of claim must be on approved claim forms accompanied by evidence of claim.

8. The estate filed various estate tax returns after this case was converted to a Chapter 7, and after the June 11, 1986, date for filing claims as set forth in the Order dated February 6, 1986. On or about February 12, 1990, the Internal Revenue Service ("IRS") determined that the debtor had overpaid its federal income taxes for the year 1979 in the total amount of $1,491,781.21. From this amount, the amount of $1,310,149.81 was refunded to the trustee in 1990. The remaining amount of the overpayment was set off by the IRS

against debtor's tax liabilities without the IRS moving to lift the automatic stay.

a. On or about February 26, 1990, the United States incorrectly applied $39,289.09 of the 1979 overpayment towards the debtor's 1985 FUTA tax liability, which had already been paid by the trustee.

b. On or about March 19, 1990, the United States incorrectly applied $100,000 of the 1979 overpayment towards a post-petition tax liability consisting of a penalty for failure to file Forms W–2 for the year 1985. The trustee received notice of the penalty assessment on March 26, 1990, and notice of the application of the $100,000 overpayment to the penalty assessment on March 23, 1990. Copies of the notices are attached hereto as Exhibits 1 and 2. The trustee also received a letter from the IRS with respect to this penalty, a copy of which is attached hereto as Exhibit 3.

9. The United States is also holding $25,408.51 of the 1979 overpayment because in 1990 the trustee sent this amount back to the IRS after it was paid to the estate as a refund. The trustee sent this money back to the IRS and requested that the IRS re-issue a check to the estate in the amount of $125,408.51. A copy of the letter from the trustee to the IRS requesting a check in the amount of $125,408.51 is attached hereto as Exhibit 4[1].

10. Consequently, the debtor's estate is entitled to the amount of $164,697.60, plus interest, as the remaining portion of the debtor's 1979 overpayment. Specifically, the debtor's estate is entitled to the amount of $125,408.51, plus interest from March 19, 1990, and the amount of $39,289.09, plus interest from February 26, 1990.

11. On or about October 20, 1992, the trustee filed her Second Report of Objections to Claims.

12. On February 23, 1993, the United States filed the Amended Response of United States to Trustee's Second Report on Trustee's Objections to Claims admitting that the debtor's estate is entitled to the amount of $164,697.60, plus interest.

---

**1.** These findings were entered into evidence at the April 16, 1993, hearing and are reproduced here verbatim. There is no exhibit attached to these findings.

13. The United States filed an amended proof of claim number 212, dated February 24, 1993, listing the debtor's 1978 federal income tax liability in the amount of $99,293.86 as a secured claim. The amended proof of claim states that the IRS is a secured claimant because it is holding funds due the debtor's estate in the amount of $164,697.60, plus interest.

14. On March 25, 1993, the United States filed a motion to lift the automatic stay which requested permission to set off the remaining 1979 overpayment against the debtor's 1978 federal income tax liability listed on the amended proof of claim number 212.

15. The United States filed a request for payment of Internal Revenue taxes dated February 25, 1993, listing as a civil penalty the amount of $100,00, plus interest, for debtor's failure to file Forms W-2 for the year 1985. The merits of this request are not at issue at this time.

*Additional Findings by Court*

The Court makes the following additional findings of fact:

1. The trustee did not oppose the Motion of the IRS to Lift Stay to Permit Setoff at the April 16, 1993, hearing.

2. The Court lifted the stay with the caveat that this action did not affect the trustee's right to oppose the proposed setoff on its merits.

3. By May 3, 1993, Order the Court granted relief from stay to permit setoff of debtor's remaining 1978 tax obligation against the remaining 1979 overpayment.

4. The IRS then filed a Motion to Withdraw Claims 180 and 207.

5. By May 21, 1993, Order the Court granted the Motion to Withdraw Claims.

*Conclusions of Law*

Given the entry of orders granting relief from stay and withdrawing claims 180 and 207, the only dispute remaining is the amount, if any, that the IRS is entitled to

set off. The IRS asserts, in claim 212, that it is secured to the extent of $164,697.60.[2] The $167,697.60 is debtor's 1979 refund. Although the IRS has withdrawn claims 180 and 207, and the trustee has not objected to claim 212, the Court will determine the validity of the proposed setoff because it is disputed.

The Code preserves non-bankruptcy rights to setoff in § 553. That section states in pertinent part as follows:

Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

Section 553 requires that the "obligation between the debtor and creditor [arise] before filing the bankruptcy petition and that mutuality of obligation exists." *In re Patterson*, 967 F.2d 505 (11th Cir.1992).

Contrary to the assertion of the IRS, lifting the stay does not cause the trustee's objections to be moot. As the Eleventh Circuit highlighted in *In re Patterson*, the Code contemplates a judicial determination of the validity of a setoff right prior to its exercise. 967 F.2d 505, 510 (11th Cir.1992); *Cumberland Glass Manufacturing Co. v. De Witt & Co.*, 237 U.S. 447, 35 S.Ct. 636, 59 L.Ed. 1042 (1915) (setoff is not automatic in bankruptcy the Court must first determine whether mutuality of debts is present decided under the Act). Thus the Court must first determine the validity of the IRS's right of setoff.

The IRS is authorized by 26 U.S.C. § 6402(a) to setoff tax refunds against outstanding tax liability. Section § 6402(a) states in pertinent part as follows:

(a) General Rule. In the case of any overpayment, the Secretary, within the

---

**2.** The Court does not determine the validity of the secured status asserted by the IRS in claim

212. The only question before the Court is the amount subject to setoff pursuant to § 553.

applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall subject to subsections (c) and (d) refund any balance to such person.

Thus if the overpayment and the underpayment arose pre-petition, the IRS has a valid right to setoff preserved by § 553.

Debtor owes $48,893.02 for 1978 corporate income tax and $48,457.49 in pre-petition interest. The IRS claims a right to setoff against the $167,697.60 it holds from debtor's 1979 overpayment. The trustee argues that the refund is owed to the estate and not the pre-petition debtor, thus the debts lack mutuality and the IRS cannot offset the obligations.

Although the trustee is correct that the IRS discovered that a refund for 1979 was due only after she filed amended tax returns for the estate, the right to a refund arises on the last day of the taxable year and the act of filing the return is merely procedural. *In re Conti*, 50 B.R. 142 (Bankr.E.D.Va.1985); *In re Rozel Industries, Inc.*, 120 B.R. 944 (Bankr.N.D.Ill. 1990). Thus the right to the refund accrued to the pre-petition debtor. Likewise, the liability for 1978 taxes is an obligation of the pre-petition debtor.

Accordingly, the Court finds the requirement of mutuality is met in this case because both obligations arose pre-petition between the same parties. Consequently, § 553 preserves the IRS's right to setoff.

■ The trustee argues that the IRS should not be allowed to setoff because of the improper setoff taken in 1990. Setoff is a permissive equitable remedy that is within the Court's discretion to allow. *In re Charter Co.*, 103 B.R. 302 (D.M.D.Fla. 1989), rev'd on other grounds 913 F.2d 1575 (11th Cir.1990). This Court exercised its discretion in *In re Apex* and denied the IRS the right to setoff where the IRS had waited years to assert its right and during that time the defendant had prosecuted and settled a claim against the Air Force that the

IRS claimed was subject to setoff. 155 B.R. 591 (Bankr.M.D.Fla.1993).

Unlike *Apex*, here, the IRS put debtor and the trustee on notice of its intention to setoff by improperly applying funds in 1990. It was not until February 1993, that the IRS acknowledged that the setoff was improper. Consequently, the trustee did not rely on the IRS's inaction in this case as the trustee in *Apex* did because the IRS had already setoff against debtor's refund. Consequently, the trustee did not act in the mistaken belief that the IRS would not assert a right to setoff.

In this case the Court finds that because the trustee did not rely to her detriment on the inaction of the IRS, it is not inequitable to allow the IRS to offset the 1979 overpayment against the 1978 underpayment. To the contrary, as was recognized in *In re G.S. Omni*, it would be "unfair to deny a creditor the right to recover an established obligation while requiring the creditor to fully satisfy a debt to debtor." 835 F.2d 1317, 1318 (10th Cir.1987); *In re Suncrete Corp.*, 100 B.R. 102 (Bankr.M.D.Fla.1989).

The Court finds that the requirements of § 553 are met and that the IRS has a valid right of setoff that it may exercise to the extent of $48,893.02 in 1978 tax liability and $48,457.49 in pre-petition interest.

■ The IRS argues that the entire overpayment from 1979 is subject to setoff as interest on the claim secured by the $167,-697.60 from the original setoff. The Court will not penalize the IRS for its improper setoff and will allow the $99,283.86 to be setoff against the refund held. However, the Court will not reward the IRS for offsetting prior to receiving relief from the automatic stay by allowing it to setoff post-petition interest. Thus the Court finds that the IRS has a valid right of setoff against the 1978 corporate tax liability and the pre-petition interest in the amount of $99,-293.86. The remaining $68,403.74 1979 plus interest will be returned to the Trustee within thirty (30) days.

A separate order consistent with these findings of fact and conclusions of law will be entered.

**ORDER GRANTING IN PART AND DE-NYING IN PART TRUSTEE'S OB-JECTIONS TO CLAIMS 180 AND 207 OF THE *INTERNAL REVENUE SERVICE***

Upon findings of fact and conclusions of law separately entered, it is

ORDERED

1. Trustee's objection to setoff of the Internal Revenue Service for 1978 tax liability of $48,893.02 and pre-petition interest of $48,457.49 is denied, and the Internal Revenue Service may setoff these amounts against debtor's 1979 refund.

2. Trustee's objection to setoff of the Internal Revenue Service for post-petition interest is granted and the Internal Revenue Service shall return $68,403.74 to the Trustee within thirty (30) days.